IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN BUCKSHAW,      : | |
|    Plaintiff,         : | |
|                    : | |
| v.                    : | CIVIL ACTION NO. 20-CV-5947 |
|                    : | |
| MCDONALD'S HAMBURGER    : | |
| CORPORATION, *et al.*,   : | |
|    Defendants. | |

**MEMORANDUM**

**SLOMSKY, J.**                                                                                          **DECEMBER   4  , 2020**

The Court has received numerous filings from John Buckshaw sent to the Clerk of Court by email. The above captioned case, opened as a civil action by the Clerk of Court, is entitled by Buckshaw as a "Notice of Removal of a Criminal Prosecution." For the following reasons, and assuming Buckshaw intended to file the pleading in the United States District Court for the Eastern District of Pennsylvania,[1] the Court summarily remands the criminal cases pursuant to 28 U.S.C. § 1455(b)(4) and dismisses this civil case with prejudice.

---

[1] While Buckshaw filed papers with this Court, none of the pleadings bears this Court's name in their captions. At this point it is unclear whether Buckshaw misdirected his filings or intended to file cases in this Court. Federal Rule of Civil Procedure 5(d)(4) provides that the Clerk may not refuse to file a paper solely because it is not in the form prescribed by the Federal Rules or this Court's Local Rules of Civil Procedure. In a separately filed Order bearing the civil action numbers assigned to each of Buckshaw's other submissions, he will be directed to pay the filing fees for each case the Clerk has opened, file a motion to proceed *in forma pauperis* if he cannot afford to pay the fees, or advise the Court if he wishes to withdraw his papers. Because there is no filing fee to remove a state criminal case to federal court, *see Lefton v. City of Hattiesburg, Miss.*, 333 F.2d 280, 285 (5th Cir. 1964) (holding that 28 U.S.C. § 1914, which speaks of civil actions, "does not authorize fees in criminal proceedings"), this case is not included in that separately filed Order.

**I.   FACTUAL ALLEGATIONS**

Buckshaw has captioned his case as a civil action in the United States District Court for the Eastern District of Virginia, and names as Defendants McDonald's Hamburger Corporation, the Arlington County Police, Fairfax County Police and Sheriff and Fairfax County Public Defender and Attorney General – Consumer Protection.  He describes the nature of his case as the removal to federal court of state criminal charges involving the theft of a laptop computer and $375.  (ECF No. 1 at 3.)[2]  He asserts that the statutes involved "are unconstitutional for relief from extortionate false statements of computer harassment, violations of the conditions for release and bail and failure to appear which were instituted with willful intent to aid and abet a false alarm in 2006 and unfair claims settlement practices and abuse of process in 2009. . . ." (*Id.*)  He also references unfair trade practices in 2008 involving a self-storage facility, false statements in 2011 and abuse of process in 2016.  (*Id.* at 3-4.)  He "seeks to remove a criminal prosecution charging computer harassment for re trail [sic] orders of this court to dismiss defective proceedings with prejudice. . . .  (*Id.* at 4.)  He cites and quotes several constitutional provisions, federal statutes, and legal treatises, (*id.* at 4-12), and provides the docket numbers of several criminal cases from the General District Court of Fairfax County, Virginia, which he states had a trial date of September 6, 2018, and in which he was apparently charged with computer harassment crimes.  (*Id.* at 13.)

Buckshaw asserts he "is a person under federal officers and is unable to obtain equal rights" citing 28 U.S.C. § 1442.  That statute permits the removal to federal court of a criminal prosecution against "any officer (or any person action under that officer) of the United States or of any agency thereof, in an official or individual capacity. . . ."  Buckshaw asserts in conclusory

---

[2] The Court adopts the pagination assigned by the CM/ECF docketing system.

fashion that he "is a person acting under the United States Department of Justice" (ECF No. 1 at 14) but provides no factual allegations to establish in a plausible manner that he is an officer of the United States.  Contradictorily, he specifically alleges he is the "executive director of a corporation de facto for the purpose of promotional products and general advertising sales."  (*Id.* at 17.)  While he again references dates in 2007, 2011, 2016 and 2018 and makes allegations that his reputation was harmed in part by employees of McDonald's and of a self-storage facility (*id.* at 18, 23-24), the balance of his pleading consists almost exclusively of excerpts from statutes and legal books and nonsensical legalisms.  (*Id.* at 19-32.)

A review of publicly available records discloses that Buckshaw is a criminal defendant in several cases in Fairfax County General District Court charging him with harassment by computer, violations of pretrial release, and failing to appear.  *Commonwealth v. Buckshaw*, Nos. GC18055249-00, -01, -02; GC18055252-00, GC18055254-00; GC18055255-00, GC18055256-00.  The offense dates for these charges are between 2016 and 2018.  *See* https://eapps.courts.state.va.us/ocis/search (last visited December 4, 2020).  The hearing date listed for these charges is September 6, 2018, the same date cited by Buckshaw in his Notice of Removal.

## II.     DISCUSSION

Under the statute providing procedures for removal of criminal cases, when a defendant in a state criminal case attempts to remove the case to federal court, the federal district court must promptly examine the Notice of Removal and determine whether the case can properly be removed.  28 U.S.C. § 1455(b)(4).  "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  *Id.*

The Court notes at the outset that Buckshaw has failed to comply with the various procedural requirements for removal of a state criminal case.  First, Buckshaw's notice is untimely.  Under § 1455(b)(1) a "notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time."  As the state court records indicate, and Buckshaw admits, the hearing on these charges was scheduled for September 6, 2018, and the deadline for filing this removal action under § 1455 has long ago passed.  Because the removal is otherwise deficient, there exists no good cause to grant leave to file the removal now after such a lengthy delay.

Second, the removal statute specifies that a state court defendant "desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. . . ."  28 U.S.C. § 1455(a).  Under this provision Buckshaw cannot remove a criminal matter from a Virginia state court to the United States District Court for the Eastern District of Pennsylvania.

Moreover, the pleading Buckshaw sent to the Court is not hand signed as required by Rule 11.[3]  Rather, it contains only what appears to be a computer-generated signature.  Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented."  Fed. R. Civ. P. 11(a).  The United States

---

[3] Because obtaining an actual signature is neither impractical nor imprudent, the Court declines to accept an electronic signature under the discretionary authority contained in the Court's May 13, 2020 Standing Order entitled *In re:  Use of Electronic Signatures*.

4

Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *See Syville v. New York City of New York*, Civ. A. No. 20-0570, 2020 WL 2614705, at *1 (S.D.N.Y. May 15, 2020) (citing *Becker v. Montgomery*, 532 U.S. 757, 764 (2001)).

Finally, Congress has provided for only a limited set of circumstances where a defendant may remove a criminal case to federal court. First, 28 U.S.C. § 1442 provides for removal of civil and criminal actions against the United States or its officers acting under color of office. *See Minnesota v. Bugoni*, Crim. No. 15-157, 2015 WL 2451255 *2 (D. Minn. May 21, 2015) (summarizing provisions of 28 U.S.C. § 1442). While Buckshaw asserts in conclusory fashion that he "is a person acting under the United States Department of Justice" (ECF No. 1 at 14), he provides no factual allegations to establish in a plausible manner that he is an officer of the United States while contradictorily alleging he is employed in the private sector.

Second, under § 1442a, where the criminal prosecution is against a member of the armed forces "on account of an act done under color of his office or status," the defendant may be able to remove the case to federal court. Buckshaw does not allege he is a member of the armed forces.

Third, § 1443 provides an additional basis for removal of a criminal prosecution. That statute provides:

> Any of the following . . . criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.  The United States Supreme Court has held that in order to remove a case under § 1443(1), a defendant must show (1) "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of (the) State."  *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quotations omitted).  Other than a conclusory allegation that he is unable to obtain equal rights, Buckshaw's allegations do not plausibly satisfy either prong of this test.  At no point in the pleading does Buckshaw allege that he is attempting to remove his case based on any form of racial inequality or that there is an express state law that prohibits him from exercising his rights under that civil rights law.  Neither does he assert that the charged crimes arose from his action or refusal to act under color of a civil rights law.

Accordingly, the Court concludes there is no avenue available to Buckshaw for removal of his state criminal prosecution to federal court.  An appropriate Order for summary remand and to close this case follows.

**BY THE COURT:**

/s/Joel H. Slomsky, J.
**JOEL H. SLOMSKY, J.**